**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ROBERT AKRIDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIV. ACT. NO. 1:26-cv-147-TFM-B** |
| | ) | **IN ADMIRALTY** |
| **The M/V "ARGOSY VI", her engines** | ) | *IN PERSONAM* and *IN REM* |
| **tackle, furniture, and appurtenances, etc.,** | ) | |
| *In rem*., and **LARRY WIREMAN,** | ) | |
| an individual, *In personam*. | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion to Amend Plaintiff's Verified Complaint (Doc. 15, filed 6/17/26).  Defendant filed a response in opposition.  Doc. 16.  Having considered the motion, response, and relevant law, the Court finds the motion is due to be **GRANTED**.

Fed. R. Civ. P. 15(a) provides that a party may amend its pleading "with the opposing party's consent or the court's leave," and that "the court should freely give leave when justice so requires."  The Eleventh Circuit has stated "the rule contemplates that leave shall be granted unless there is substantial reason to deny it." *Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985).  "Although motions for amendment of pleadings are ordinarily governed by the liberal amendment policy embodied in Fed. R. Civ. P. 15(a), the more stringent Rule 16(b) test applies where . . . the request for amendment postdates the applicable scheduling order deadline." *Shumate v. Selma City Bd. of Educ.*, Civ. Act. No. 11-0078-CG-M, 2012 WL 13093402, 2012 U.S. Dist. LEXIS 204420, at *2-3 (S.D. Ala. Aug. 15, 2012) (citing *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007)).

Plaintiff argues that he has not acted with undue delay, as he filed the motion to amend his verified complaint less than two months after the original verified complaint was filed.  Plaintiff further argues there is no evidence of bad faith or dilatory motive in seeking to amend his complaint—rather, Plaintiff intends to clarify the factual allegations to ensure the claims are adjudicated on their merits and that all proper parties with interest are present.  Doc. 15 at 3. Additionally, Plaintiff notes that this is the first request for amendment, and that the amendment would not be futile because it would allege additional facts that plausibly state claims and include parties recently identified as having an interest.  *Id.* at 3-4.

Defendant opposes Plaintiffs motion to amend.  Defendant argues that Plaintiff does not identify any material allegations in his complaint that are not contradicted by Exhibit A to his complaint, and that any amendment would therefore be futile.

The motion to amend the complaint was filed before a scheduling order was even entered. Additionally, the scheduling order entered after the motion to amend was filed provides a deadline of September 30, 2026 to file motions to amend pleadings.  Given the early stage in the case, the Court finds permitting an amendment is warranted.  However, Plaintiff is not bound to utilize the proposed amended complaint provided and should review the opposition and response prior to filing.  Plaintiff should not anticipate any additional amendments prior to resolution of any responsive pleadings or answers.

Accordingly, Plaintiff's motion for leave to amend his complaint (Doc. 15) is **GRANTED** as modified above.  Plaintiff is **DIRECTED** to docket the amended complaint no later than **July 31, 2026**.  Defendants shall file their respective answers or other responsive  pleadings  in accordance with Fed. R. Civ. P. 15(a)(3).  The motion to dismiss (Doc. 12) is **DENIED as MOOT** with leave to refile any arguments after the docketing of the amended complaint.

**DONE** and **ORDERED** this 17th day of July 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE